UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
U.S. SECURITITES AND EXCHANGE           :
COMMISSION                              :
                                        :
                            Plaintiff,  :     04 Civ. 02322 (GEL)
        v.                              :
                                        :
UNIVERSAL EXPRESS, INC., RICHARD        :
ALTOMARE, CHRIS G. GUNDERSON,           :     **ANSWER OF**
MARK S NEUHAUS, GEORGE J. SANDHU,       :     **GEORGE J. SANDHU**
SPIGA, LTD., TARUN MENDIRATTA           :
                                        :
                            Defendants. :
------------------------------------------------------------x

Defendant, George J. Sandhu, ("Sandhu") by and through his counsel, Pickholz Law Firm LLP, for his Answer to the Complaint herein, alleges as follows:

1-2.   Denied as to Sandhu and Spiga and otherwise he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraphs 1 and 2.

3-5.   The allegations in paragraphs 3, 4, and 5 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as to the truth thereof.

6.     Denied as to Sandhu and Spiga and otherwise he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6.

7.     These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to

Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

8. This paragraph sets forth legal conclusion and as such requires no response. To the extent that a response is required, Sandhu admits that the Complaint purports to rely on certain statutory provisions, and refers to the Complaint and these respective statutory provisions for their contents, and otherwise denied.

9. This paragraph sets forth legal conclusion and as such requires no response. To the extent that a response is required, Sandhu admits that the Complaint purports to rely on certain statutory provisions, and refers to the Complaint and these respective statutory provisions for their contents, and otherwise denied.

10. This paragraph sets forth legal conclusion and as such requires no response. To the extent that a response is required, Sandhu admits that the Complaint purports to rely on certain statutory provisions, and refers to the Complaint and these respective statutory provisions for their contents, and otherwise denied.

11. The information sought is not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as to the truth thereof.

12. The allegations of this paragraph do not pertain to Sandhu. Accordingly, he is not required to respond thereto. To the extent that a response is required, Sandhu admits that the Complaint purports to rely on certain statutory provisions, and refers to the Complaint and these respective statutory provisions for their contents, and otherwise denied.

13. This paragraph sets forth legal conclusion and as such requires no response. To the extent that a response is required, Sandhu admits that the Complaint purports to rely on certain statutory provisions, and refers to the Complaint and these respective statutory provisions for their contents, and otherwise denied.

14. Denied as to Sandhu and otherwise he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 14.

15. Lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 15, except admits that Sandhu resides in this District.

16-19. The allegations in paragraphs 16, 17, 18, and 19 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof, except admits that Universal Express has an office in Florida and New York.

20. Lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 20, except admits that Sandhu is 38 years old and resides in New York, New York.

21. Denied as to Sandhu, except admits that Spiga is a company administered in Burmuda, of which Sandhu's brother-in-law is the largest investor, and that Sandhu's brother-in-law lives overseas. Otherwise, he lacks knowledge or information sufficient to form a belief as to truth of the remainder of the allegations contained in paragraph 21.

22. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

23. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied as to Sandhu and, as to the remaining allegations, lacks knowledge or information sufficient to form a belief as the truth thereof.

24. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied as to Sandhu and, as to the remaining allegations, lacks knowledge or information sufficient to form a belief as the truth thereof.

25-29. The allegations in paragraphs 25, 26, 27, 28 and 29 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

30. Lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 30, except admits that as agent for Spiga, Sandhu negotiated a private equity purchase of Universal and denies there was anything improper or unlawful about the purchase.

31. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to

Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

32-33. The allegations in paragraphs 32 and 33 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

34-35. Denied as to Sandhu. To the extent that the Complaint refers generally to third party filings with the Commission those documents speak for themselves and Sandhu refers to those documents for their contents. Otherwise, Sandhu lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraphs 34 and 35.

36. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

37. Denied as to Sandhu and otherwise he lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 37.

38-39. The allegations in paragraphs 38 and 39 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

40. Denied as to Sandhu and objects to the phrase "funding" letters and refers to the letters for their content, and lacks knowledge or information as to Neuhaus.

41. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

42-44. Denies the allegations in paragraphs 42, 43, and 44, except admits that he sent letters, dated March 25, 2002 and May 21, 2002, and refers to those documents for their contents.

45. The allegations in paragraph 45 are not addressed to Sandhu. Accordingly, he is not required to respond. To the extent that the Complaint refers without specificity to an alleged third party fax, that document speaks for itself and Sandhu refers to that document for its contents. Otherwise, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

46. The allegations in paragraph 46 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations pertain to a May 23, 2002 third party press release, that purported document speaks for itself and Sandhu refers to that document for its contents. Otherwise, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

47. Denied as to Sandhu and objects to the use of the term "Sandhu's fund" and objects to the general reference without any particularity to a letter from Sandhu. To

the extent that the Complaint purports to refer generally to a letter from Sandhu, he refers to that document for its content. Otherwise, Sandhu lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 47.

48. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

49. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

50. Denied.

51. The allegations in paragraph 51 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

52. The allegations in paragraph 52 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations refer to a July 10, 2002 third party press release, that document speaks for itself and Sandhu refers to that document for its contents. Otherwise, Sandhu lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 52.

53-55. The allegations in paragraphs 53, 54 and 55 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

56. Denied.

57-59. The allegations in paragraphs 57, 58 and 59 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that these paragraphs refer to third party correspondence or press releases, those documents speak for themselves and Sandhu refers to those documents for their contents. Otherwise, to the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

60-61. The allegations in paragraphs 60 and 61 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

62-63. The allegations in paragraphs 62 and 63 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

64. Denied.

65-68. The allegations in paragraphs 65, 66, 67 and 68 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that these paragraphs refer to an April 9, 2003 third party press release, that document speaks for

itself and Sandhu refers to that document for its contents. Otherwise, to the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

69. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

70. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

71. Denied.

72. These allegations are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

73-80. The allegations in paragraphs 73, 74, 75, 76, 77, 78, 79 and 80 are not addressed to Sandhu. Accordingly, he is not required to respond thereto. To the extent that these paragraphs refer to an October 12, 2003 third party press release, that document speaks for itself, and Sandhu refers to that document for its contents. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

81-83.  The allegations in paragraphs 81, 82 and 83 are not addressed to Sandhu. Accordingly, he is not required to respond thereto.  To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

84-85.  The allegations in paragraphs 84 and 85 are not addressed to Sandhu. Accordingly, he is not required to respond thereto.  To the extent that these paragraphs refer to third party websites and third party filings with the Commission, those documents speak for themselves, and Sandhu refers to those documents for their content.  To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

86.  Defendant incorporates by reference his answer to paragraphs 1-85 of the Complaint as though fully set forth herein.

87-88.  These paragraphs set forth contentions and legal conclusions, and require no response.  To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

89.  Defendant incorporates by reference his answer to paragraphs 1-88 of the Complaint as though fully set forth herein.

90-91.  These paragraphs set forth contentions and legal conclusions, and require no response.  To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

92.     Defendant incorporates by reference his answer to paragraphs 1-91 of the Complaint as though fully set forth herein.

93-94.  These paragraphs set forth contentions and legal conclusions, and require no response. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

95.     Defendant incorporates by reference his answer to paragraphs 1-94 of the Complaint as though fully set forth herein.

96-97.  These paragraphs set forth contentions and legal conclusions, and require no response. To the extent that the allegations are deemed to pertain to Sandhu, they are denied except insofar as Sandhu lacks knowledge or information sufficient to form a belief as the truth thereof.

98.     Defendant incorporates by reference his answers to paragraphs 1-97 of the Complaint as though fully set forth herein.

99-100. The Fifth Claim for Relief and the allegations in paragraphs 99 and 100 are not alleged as to Sandhu. Therefore, no responsive pleading is necessary.

101.    Defendant incorporates by reference his answers to paragraphs 1-100 of the Complaint as though fully set forth herein.

102-103. The Sixth Claim for Relief and the allegations in paragraphs 102 and 103 are not alleged as to Sandhu. Therefore, no responsive pleading is necessary.

104.    Defendant incorporates by reference his answers to paragraphs 1-103 of the Complaint as though fully set forth herein.

105-106. The Seventh Claim for Relief and the allegations in paragraphs 105 and 106 are not alleged as to Sandhu. Therefore, no responsive pleading is necessary.

107. Defendant incorporates by reference his answers to paragraphs 1-106 of the Complaint as though fully set forth herein.

108-109. The Eighth Claim for Relief and the allegations in paragraphs 108 and 109 are not alleged as to Sandhu. Therefore, no responsive pleading is necessary.

110. Defendant incorporates by reference his answer to paragraphs 1-109 of the Complaint as though fully set forth herein.

111-112. The Ninth Claim for Relief and the allegations in paragraphs 111 and 112 are not alleged as to Sandhu. Therefore, no responsive pleading is necessary.

113. Defendant incorporates by reference his answer to paragraphs 1-112 of the Complaint as though fully set forth herein.

114-115. The Tenth Claim for Relief and the allegations in paragraphs 114 and 115 are not alleged as to Sandhu. Therefore, no responsive pleading is necessary.

## Defenses

1. The Complaint fails to state a claim upon which relief can be granted as to Sandhu.

2. The Complaint fails to demonstrate that Sandhu is a recidivist and the balance of hardships falls more decidedly for the Plaintiff. Therefore, the Complaint fails to make a complete claim for relief.

3. Defendant had no knowledge of any illegal or improper activities and did not knowingly lend himself to such activities.

4. Defendant had no intent to engage in any violation of law.

5. Defendant did not know that any violation of law was occurring.

Dated: New York, New York
May 10, 2004

Respectfully submitted,

PICKHOLZ LAW FIRM LLP

By *[signature]*

Marvin G. Pickholz (MP-7097)
Jason Pickholz (JP-9803)
575 Lexington Avenue, 45th Floor
New York, New York 10022
(212) 759-2400

Of Counsel:
Reena M. Sandoval (RS 3970)

*Attorneys for Defendant George J. Sandhu*