*Please Return to Cashiers*
*Note: Int. Bearing Account.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE, COMMISSION<br>      Plaintiff<br><br>      v.<br><br>UNIVERSAL EXPRESS, INC.,<br>RICHARD A. ALTOMARE,<br>CHRIS G. GUNDERSON,<br>MARK S. NEUHAUS,<br>GEORGE J. SANDHU,<br>SPIGA, LTD.,<br>TARUN MENDIRATTA<br><br>      Defendants. | 04-Civ. 2322 (GEL)<br><br>[ELECTRONICALLY FILED stamp]<br>DATE FILED: 3/8/07 |

**FINAL JUDGMENT AGAINST UNIVERSAL EXPRESS, INC., RICHARD A. ALTOMARE AND CHRIS G. GUNDERSON**

In accordance with the Court's Opinion and Order dated February 21, 2007 and entry of findings of fact and conclusions of law, judgment is entered on the motion of the Securities and Exchange Commission for partial summary judgment against defendants Universal Express, Inc., Richard A. Altomare, and Chris G. Gunderson on the SEC's claims that these defendants violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Exchange Act Rule 10b-5. These same defendants' cross-motion for summary judgment with respect to Section 5 liability is denied.

I.

IT IS ORDERED that Defendant Universal Express Inc., Richard A. Altomare, and Chris G. Gunderson and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service

or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

> (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
> 
> (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or
> 
> (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

II.

IT IS FURTHER ORDERED that Defendants Universal Express, Inc., Richard A. Altomare, and Chris G. Gunderson, and theirs agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED that Defendant Universal Express, Inc., Richard A. Altomare, and Chris G. Gunderson, and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS FURTHER ORDERED that Defendant Universal Express, Inc. shall pay disgorgement of $9,959,828 representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,986,827, and a civil penalty in the amount of $9,959,828 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t (d). Universal Express shall receive credit against the amount of disgorgement for any disgorgement funds paid pursuant to this order by the defendants Richard A. Altomare or Chris G. Gunderson. Universal Express shall satisfy this obligation by paying $21,906,483 within ten business days to the Clerk of this Court, together with a cover letter identifying Universal Express as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Universal Express shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Universal Express relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Universal Express.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after off set or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United [Untied] States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Universal Express shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED that Defendant Richard A. Altomare shall pay disgorgement of $1,419,025 representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $283,073, and a civil penalty in the amount of $1,419,025 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t (d). Richard A. Altomare shall satisfy this obligation by paying $3,121,123 within ten business days to the Clerk of this Court, together with a cover letter identifying Richard A. Altomare as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Richard A. Altomare shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Richard A. Altomare relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Richard A. Altomare.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after off set or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Richard A. Altomare shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED that Defendant Chris G. Gunderson shall pay disgorgement of $361,317 representing ill-gotten gains as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $72,077, and a civil penalty in the amount of $361,317 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t (d). Chris G. Gunderson shall satisfy this obligation by paying $794,711 within ten business days to the Clerk of this Court, together with a cover letter identifying Chris G. Gunderson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Chris G. Gunderson shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Chris G. Gunderson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Chris G. Gunderson.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to

this Judgment shall be treated as penalties paid to the government for all purposes including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after off set or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Chris G. Gunderson shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED that Defendants Richard A. Altomare and Chris G. Gunderson are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for the purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act of 1934, 17 C.F.R. § 240.3a51-1.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Altomare is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED.

Dated: New York, New York

_____March 8_____, 2007

_____
GERARD E. LYNCH
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

10