```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
U.S. SECURITIES AND EXCHANGE                                :
COMMISSION,                                                 :
                                                            :
                          Plaintiff,                        :
                                                            :       04 Civ. 2322 (GEL)
         -against-                                          :
                                                            :       OPINION AND ORDER
UNIVERSAL EXPRESS, INC., RICHARD A.                         :
ALTOMARE, CHRIS G. GUNDERSON, MARK                          :
S. NEUHAUS, GEORGE J. SANDHU, SPIGA,                        :
LTD., and TARUN MENDIRATTA,                                 :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------x
```

Julie K. Lutz and Leslie J. Hughes, Securities and Exchange Commission Central Regional Office, Denver, Colorado, and Robert B. Blackburn, Securities and Exchange Commission Northeast Regional Office, New York, New York, for plaintiff.

Barry Schaevitz, Jacob Medinger & Finnegan, LLP, New York, New York, and Arthur W. Tifford, Tifford and Tifford, Miami, Florida, for defendants Universal Express, Inc., Richard A. Altomare, and Chris G. Gunderson.

GERARD E. LYNCH, District Judge:

       Plaintiff SEC and defendants Universal Express, Altomare, and Gunderson ("defendants"), have filed numerous motions in the wake of the Court's February 21, 2007, grant of summary judgment to the SEC as to certain claims against these defendants. See 475 F. Supp. 2d 412. Pursuant to that determination, the Court entered a final judgment on the claims resolved by the summary judgment decision. Defendants have appealed the grant of summary

judgment, and that appeal is pending. Three of the post-summary judgment motions are addressed in this Order. The other outstanding motions will be resolved at a future date.

I.      Motion to Dismiss Unadjudicated Claims

The SEC moves pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss without prejudice the fifth, sixth, seventh, eighth, ninth, and tenth claims of the complaint against defendants Universal Express, Altomare, and Gunderson, as to which summary judgment was not sought. Defendants oppose plaintiff's motion at least to the extent that plaintiff seeks a dismissal without prejudice, arguing that to permit these claims to be revived would result in an "enormous consumption of . . . judicial resources." (D. Resp. at 5.) There is no such danger. The SEC is apparently satisfied with the relief granted by the Court on summary judgment. If that relief is affirmed, the litigation will be at an end. Should defendants succeed in their appeal and the case be returned to this Court for trial, the SEC will presumably reassert the dismissed claims and the case will be restored to the trial calendar on all counts originally brought. The "without prejudice" aspect of the dismissal is intended to allow for this possibility; the SEC has indicated no intention of refiling the dismissed claims if the summary judgment award is affirmed.

Defendants have utterly failed to suggest how a dismissal of the indicated claims without prejudice could subject them to "some plain legal prejudice other than the mere prospect of a second lawsuit." Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (international quotation marks and citations omitted). Nor have they suggested that the SEC has been dilatory, vexatious, or unjustified in filing this motion, or shown that they would be put to duplicative effort and expense in the event of further litigation of the sort contemplated. See Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990). The SEC filed its motion well in advance

of the late-November trial date, and defendants have not claimed that they have engaged in any trial preparation. Accordingly, plaintiff's motion to dismiss claims five through ten of its complaint without prejudice is granted.

II.     Motion for a Jury Trial

Anticipating a trial on the claims thus dismissed, defendants submitted a motion arguing their entitlement to a jury trial, or in the alternative for leave belatedly to demand one. In light of the dismissal of the relevant claims, defendants' motion for a jury trial is moot, and is therefore denied without prejudice to any refiling should the dismissed claims be reinstated or the Court's grant of summary judgment reversed.

III.    Motion to Stay Proceedings Pending Appeal

Finally, defendants move to stay proceedings pending appeal. In part they seek to stay litigation on the claims not resolved at the summary judgment stage; because those claims will be dismissed, as discussed above, this portion of the request is denied as moot.

Defendants also seek a stay of any proceedings to enforce the judgment entered against them. This request will also be denied, because the factors to be considered clearly urge denial in this case.[1]

---

[1] Defendants erroneously argue that the judgment should be treated as one awarding money damages and therefore subject to a stay as-of-right, pursuant to Fed. R. Civ. P. 62(d), upon the approval of a supersedeas bond by the Clerk of the Court. The judgment, however, grants only injunctive and equitable relief to the SEC. See 475 F. Supp. 2d 412, 428-30 (S.D.N.Y. Feb. 21, 2007); see also March 8, 2007, Final Judgment Against Universal Express, Inc., Richard A. Altomare and Chris G. Gunderson. That defendants, in order to comport with the equitable disgorgement and civil-penalty aspects of the judgment, must "pay money" (D. Rep. on Mot. to Stay Proceedings at 9), does not convert the judgment into an award of economic remedy as in suits at law, where Rule 62(d) could apply. See 11 Wright, Miller & Kane, Federal Practice and Procedure § 2905 (1995). Thus, the motion is properly considered under Fed. R. Civ. P. 62(c), which provides for discretionary consideration of requests for a stay

In deciding an application for such a stay courts must consider (1) whether the applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The applicant faces a heavy burden in attempting to meet this standard, as the stay of an equitable judgment is an extraordinary remedy that should be granted only if the balance of equities so favors; even where an applicant has demonstrated an irreparable injury, for instance, a stay will be denied in the absence of a strong showing of likely success on the merits.  See 11 Wright, Miller & Kane, Federal Practice and Procedure § 2904 (1995); cf. Wright, Miller & Kane § 2904 (Supp. 2007) ("*Absolute* probability of success was not required in order for a stay pending appeal to the issue, when the denial of a stay would have utterly destroyed the status quo, irreparably harming the appellant, but granting the stay would have caused relatively slight harm to the appellee.") (citation omitted) (emphasis added).

      Here, defendants have made absolutely no showing that they are likely to succeed on the merits, merely reiterating arguments concerning "a question of first impression" that were specifically considered and rejected at the summary judgment stage and again on defendants' motion for reconsideration.  (D. Rep. on Mot. to Stay at 2.)  They have indicated no error or more persuasive interpretation of the law that seems likely to undercut the Court's rejection of their "statutorily imbued immunity" argument (id.); nor have they identified a mistake in assessing the evidence for any issue of material fact, only asserting a legal argument that their "immunity" defense could, if somehow successful, give rise to an additional genre of material

---

where an appeal is taken from a judgment granting injunctive relief.  See id. at § 2904.

facts (see id. at 4-5). Because the defendants have provided no reason to believe that these arguments are remotely likely to succeed, they have failed to fulfill a key aspect of the required showing for issuance of a stay.

Defendants' remaining arguments for a stay need not be considered here, as they essentially argue against the grant of remedies sought by the SEC in its various motions for enforcement of the judgment, and they can and will be considered in assessing the merits of such motions.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to dismiss without prejudice the fifth through tenth claims of the complaint as against these defendants (doc. # 190) is GRANTED.

2. Defendants' motion seeking a jury trial (doc. # 183) is DENIED as moot, without prejudice to reassertion if a trial becomes necessary.

3. Defendants' motion to stay further proceedings pending appeal (doc. # 188) is DENIED.

SO ORDERED.

Dated: New York, New York
August 3, 2007

GERARD E. LYNCH
United States District Judge