UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

      -against-

UNIVERSAL EXPRESS, INC., RICHARD A.
ALTOMARE, CHRIS G. GUNDERSON, MARK
S. NEUHAUS, GEORGE J. SANDHU, SPIGA,
LTD., and TARUN MENDIRATTA,

                             Defendants.
------------------------------------------------------------x

04 Civ. 2322 (GEL)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/07

GERARD E. LYNCH, District Judge:

      In this enforcement action, the Securities and Exchange Commission seeks various relief for violations of the federal securities laws. The case is scheduled to go to trial in late November against, among others, defendant George Sandhu. The Court has received a letter from counsel for Sandhu, asking the Court to "consider recusing itself" based on the concern that threats attributed to Universal Express shareholders against the court-appointed Receiver in the case might "seep into the Court's evaluations as the trier of fact." (Letter of Marvin G. Pickholz, Esq., to the Court, dated October 3, 2007, at 1-2.) The concern is unfounded and the Court will not be recused.

      Counsel's reference is to portions of the Report of the Receiver, filed on September 28, 2007. The Receiver notes that defendant Richard Altomare, against whom the Court has already granted summary judgment and who therefore will not be a party to the trial, was quoted in a

newspaper as stating that there would be a "corporate Waco" if anyone tried to take his business from him. (Receiver's Report at 4.) However, the Receiver further notes that while this caused her to be accompanied by an investigator on her first visit to the company's premises, she quickly "determined that there was no danger," and that Altomare proved cooperative with her inquiries. (Id.) The Receiver also reports that she has received a variety of emails from shareholders, which are "often emotional and occasionally threatening," attaching examples of emails some of which are extremely vulgar and some of which explicitly threaten violence against the Receiver. At least one of these threatening communications makes an express threat against the undersigned judge. (Id. at 4 & Ex. E.) It should also be noted that the Court has received a number of emails, purportedly from Universal Express shareholders, expressing vigorous disagreement with what the writers believe to be the orders of the Court. None of these emails contained any threatening or inappropriate language, and the Court has regarded them simply as critical communications from members of the public -- a category of communication not infrequently received by judges in response to their rulings.

None of these events suggests any basis for recusal. First, both the emails referenced by the Receiver and those received directly by the Court do not appear to come from Sandhu, or indeed from any party to the existing litigation. The comments attributed to Altomare may have been intemperate, but the Court knows better than to assume that quotations appearing in newspapers necessarily represent the words, let alone the thoughts, of the persons to whom they are attributed. Thus, there is no basis for the Court to attribute any of these comments, and in particular the vulgar and threatening remarks made to the Receiver, to any party to the case, and certainly not to Sandhu.

Second, even where a threat is made by a party to a case, recusal is not necessarily required, for obvious reasons. If a judge were required to recuse himself or herself upon being threatened by a party, unscrupulous parties would be handed an easy if unsavory method of judge-shopping. (The method would be even easier if recusal were required based on anonymous threats from third parties, for which no party would even have to take responsibility.) As was recently recognized by the Ninth Circuit:

> Not every threat made against a judge should force recusal. If so, defendants could readily manipulate the system, threatening every jurist assigned on the "wheel" until the defendant gets a judge he preferred. Also, the defendant could force delays, perhaps making the cases against him more difficult to try, perhaps putting witnesses at greater risk. Such blatant manipulation would subvert our processes, undermine our notions of fair play and justice, and damage the public's perception of the judiciary.

United States v. Holland, No. 06 Civ. 30258, __ F.3d __, __, 2007 WL 2472543 at *3 (9th Cir. Sep. 4, 2007). Counsel cites no contrary authority, or indeed any authority at all.

Federal Law requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal, as set forth by the Second Circuit, is:

> Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?

United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000) (internal citations omitted); See also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988). Disqualification is not required on the basis of remote, contingent, indirect or speculative interests, and is not intended to be used by judges to avoid sitting on difficult or controversial cases. Bayless, 201

3

F.3d at 126. In determining whether recusal is required, the Ninth Circuit has suggested that the judge: (1) evaluate the threat to determine how much risk there is that it may be carried out and how much harm there would be if it were; (2) determine whether he can be truly impartial when trying the case; and (3) apply the "objective" test as articulated by the Supreme Court in Liljeberg (or the Second Circuit in Bayless). Holland, 2007 WL 2472543 at *3-4. Having examined the situation, this Court is satisfied that recusal is not necessary, and the level of threat is far more speculative and contingent than other cases where this Circuit has held recusal unnecessary. See, e.g., LoCascio v. United States, 473 F.3d 493, 496 (2d Cir. 2007) (reported bomb threats did not require recusal); United States v. Yousef, 327 F.3d 56, 170 (2d Cir. 2003) ("where a threat is made simply 'to harass,' recusal is not warranted."). Since there is no reason to believe the threats here are serious, and no reason why any reasonable person would attribute the threats to Sandhu, or believe that the Court would be prejudiced against Sandhu because of intemperate language emanating from persons having no apparent connection to Sandhu, no disinterested observer could entertain a significant doubt about the Court's objectivity.

Accordingly, as there is no reasonable basis to question the objectivity of the Court, the application is denied.

SO ORDERED.

Dated: New York, New York
October 4, 2007

GERARD E. LYNCH
United States District Judge

4