UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
U.S. SECURITIES & EXCHANGE                                       :
COMMISSION,                                                      :
                                                                 :
                        Plaintiff,                               :
                                                                 :     04 Civ. 2322 (GEL)
                -v.-                                             :
                                                                 :     **ORDER**
                                                                 :
UNIVERSAL EXPRESS, INC. et al.,                                  :
                                                                 :
                        Defendants.                              :
-----------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

Defendant Richard Altomare, incarcerated for civil contempt, requests his release. For the following reasons, that request is granted.

The long sad history of this case is set forth at length in a series of prior opinions. See SEC v. Universal Express, Inc., 475 F. Supp. 2d 412, 415-21 (S.D.N.Y. 2007); SEC v. Universal Express, Inc., No. 04 Civ. 2322, 2007 WL 2469452, at *1-*3 (S.D.N.Y. Aug. 31, 2007) ("Universal Express II"); SEC v. Universal Express, Inc., 546 F. Supp. 2d 132, 133-34 (S.D.N.Y. 2008) ("Universal Express III"). In Universal Express III, the Court found Altomare in contempt of this Court's judgment of March 8, 2007, by reason of his failure to make reasonable efforts to comply with a disgorgement order. 546 F. Supp. 2d at 142. The Court set forth extensive factfindings regarding Altomare's complete failure to demonstrate his inability to comply with the order, id. at 135-42, and ordered that he surrender to the Marshals by May 2, 2008, to be incarcerated, id. at 142. On May 1, 2008, Altomare moved for reconsideration, which was denied that same day. The next day, Altomare surrendered and was incarcerated. By letter dated May 29, 2008, Altomare requested that he be released pending further inquiries by the SEC into

his financial ability to further satisfy the judgment. On June 2, 2008, following a telephonic conference with the parties, the Court denied that motion without prejudice to any subsequent similar applications. At that conference, the Court also set forth a schedule for further SEC discovery regarding Altomare's financial condition.

After the June 2 conference, Altomare produced numerous financial documents requested by the SEC, and partly on the basis of that information, the SEC deposed Altomare on June 26, 2008. By submission dated July 2, 2008, the SEC took the position that Altomare still had not purged his contempt because various issues regarding his alleged inability to pay on the judgment remained unresolved. On July 15, 2008, Altomare responded to the SEC's submission, detailing his various efforts to comply with the SEC's discovery requests, addressing the SEC's outstanding concerns regarding his alleged inability to pay, reiterating his claim of inability to pay, and renewing his request to be released. On July 18, 2008, the SEC replied to Altomare's opposition. After reviewing the various submissions, the Court held an on-the-record telephonic conference with the parties on July 22, 2008.

At this stage of the case, it is incontestable that Altomare has failed to comply with and, in several respects, has defied the judgment of this Court, Universal Express II, 2007 WL 2469452, at *4-*12; Universal Express III, 546 F. Supp. 2d at 135-42, a judgment which is in full force and effect, and which Altomare has never asked the Court of Appeals to stay, (1/18/2008 Tr. at 12). The purpose of an order of civil contempt, however, is not to punish a party for past transgressions, but to compel future compliance. At this juncture, most of Altomare's contumacious behavior has been remedied or rendered moot by the appointment of a receiver. See Universal Express II, 2007 WL 2469452, at *11-*12; Universal Express III, 546 F.

Supp. 2d at 134. Thus, the only remaining matter, and the basis on which the order of contempt was entered, is Altomare's failure to pay the financial judgment against him.

It is not disputed that Altomare has not complied with this judgment. The only issue is whether Altomare has the present ability to pay down on the judgment docketed against him. The burden is on Altomare to prove that he is not able to pay. Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir.1995); see also Universal Express III, 546 F. Supp. 2d at 134 (citing cases). Despite extensive adjournments and a full opportunity to make such a demonstration, Altomare completely failed to carry that burden. Universal Express III, 546 F. Supp. 2d at 135-42. On that basis he was incarcerated, and on that basis his first motion for release was denied.

Since that time, however, Altomare has complied with numerous SEC requests for documents, provided detailed financial records, and submitted to a second deposition. Although Altomare may not be the most forthcoming witness, and although efforts to extract information from him have proved difficult, the fact remains that he has made substantial disclosures to the SEC – both in the form of documentary and testimonial evidence. After substantial discovery and briefing, the SEC has not identified any undisclosed accounts containing funds that could be used to satisfy the judgment. Moreover, after having the benefit of substantial discovery, the SEC is only able to identify a few liquidatable assets of at best modest value; to the extent that these assets have any value, Altomare has pledged them to the SEC. In addition to pledging these assets, Altomare has also consented both to an SEC-conducted video inspection of his properties and possessions and to a Court-ordered asset freeze. Finally, Altomare's failure to make additional payments despite the powerful incentive of incarceration further supports his contention that he is unable to comply further with the judgment.

Thus, on the present record, the preponderance of the evidence supports Altomare's contention that he lacks the present financial ability to comply with the judgment. His further incarceration to compel compliance thus cannot be justified.

It should be noted that releasing Altomare from incarceration does not prevent the SEC as a judgment creditor from continuing to investigate Altomare's assets and ability to pay. Nor does it insulate him from future applications for contempt should such investigation produce new evidence undermining the finding of inability to pay. Altomare still owes, and remains obligated to pay, the full judgment against him.

Accordingly, it is hereby ORDERED that Altomare be released from confinement forthwith.

It is further ORDERED that the parties submit appropriate proposed orders regarding Altomare's pledge of various assets to the SEC, restraining Altomare from alienating any remaining assets, and authorizing the inspection and creation of a videotaped inventory of Altomare's properties and assets, as agreed upon by the parties during the Court's conference, on or before August 4, 2008.

SO ORDERED.

Dated: New York, New York
       July 23, 2008

_____
GERARD E. LYNCH
United States District Judge