Julie K. Lutz (JL 9404)
Leslie J. Hughes (LH 7938)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Denver Regional Office
1801 California Street, Suite 1500
Denver, Colorado 80202
(303) 844-1000
(303) 844.1068 (facsimile)

Robert B. Blackburn (RB 1545)
Local Counsel for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
3 World Financial Center RM 4300
New York, NY 10279
(212) 336-1050

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, :<br>:<br>Plaintiff :<br>:<br>v. :<br>:<br>UNIVERSAL EXPRESS, INC., :<br>:<br>Defendants. : | 04 Civ. 2322 (GEL) |

**PLAINTIFF'S REPORT CONCERNING CLOSING OF CASE**

Plaintiff Securities and Exchange Commission ("SEC") files this response to the Court's order of February 2, 2010 [Docket No. 414] directing Plaintiff and the Receiver to apprise the Court of any reasons why this case cannot be closed. As noted below, the only issues for the Court to resolve are the wind-up of the receivership and the disposition of funds now in the registry of the Court, which represent partial payments of disgorgement and civil penalties by the defendants pursuant to the orders of the Court.

Following the Court's determination of these issues, Plaintiff concurs that the case can be closed.[1]

**Final Judgments as to Defendants**:  The case has been litigated to final judgment as to all defendants.  Final Judgments as to defendants Universal Express, Inc., Richard A. Altomare and Chris G. Gunderson were entered on April 2, 2007 [Docket. No. 179].  Final judgment was entered against Tarun Mendiratta on December 4, 2007 [Docket No. 262].  Partial Final Judgment as to the issue of injunctive relief was entered against George Sandhu on November 26, 2007 [Docket No. 254].  Partial Final Judgment as to the issue of injunctive relief was entered against Mark Neuhaus on December 4, 2007 [Docket No. 261].

Final judgments concerning remaining financial relief issues were entered against Sandhu and Neuhaus on January 11, 2010 [Docket No. 412].  The time for appeal as to the latter two judgments against Sandhu and Neuhaus has not yet run.

**Collection Issues:**  Plaintiff has taken, and will continue to take, steps to collect the monetary judgments ordered by the Court as to each of the defendants named in this action.  However, these collection efforts may proceed despite the closing of the instant case.  Should Plaintiff discover as a part of these ongoing collection efforts grounds for a motion alleging contempt of the Court's orders by any defendant in the case, Plaintiff may move to reopen the case to seek the Court's powers to address such contempt issues.

**Receivership:**  The Receiver has completed her work, filed a final report and filed a motion for the wind-up of the receivership [Docket Nos. 416, 418], with which Plaintiff concurs. The Receiver has also filed a motion for fees totaling $44,295.44

---

[1]  To the extent the Court can administratively close the case and still rule on those issues, Plaintiff agrees that the case can be closed now.

[Docket No. 417]. Plaintiff concurs with this compensation request, which covers reasonable costs associated with various actions taken by the Receiver on behalf of, and for the benefit of, the receivership estate.

**Funds on Deposit with the registry of the Court:** Funds totaling $405,000 are presently on deposit in a CRIS account with the Court. These funds consist of partial payments by various defendants of the disgorgement and civil penalties ordered against them in this action by the Court. These funds cannot feasibly be distributed to investors injured by the fraud at issue in the case. During the time period at issue (2001 through March 2004), hundreds of millions of shares of Universal Express stock were traded in an active over-the-counter-market for the stock by thousand of investors. As a result, the costs of attempting to indentify investor victims and vet a claims process far outweigh the likely benefit per investor of such a process. Plaintiff therefore intends to file a motion with the Court seeking an order transferring these funds to the U. S. Treasury. Should additional funds be collected under the Court's existing judgments, Plaintiff will move to reopen the case for the limited purpose of addressing the appropriate disposition of such funds.

DATED: February 12, 2010              Respectfully submitted


                                      s/ Julie K. Lutz
                                      Julie K. Lutz
                                      Leslie J. Hughes
                                      Attorneys for Plaintiff
                                      U.S. Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the **PLAINTIFF'S REPORT CONCERNING CLOSING OF CASE** to be e-filed on February 12, 2010, which will send notice to the following:

Arthur Tifford, Esq.
Tifford & Tifford, P.A.
1385 NW 15th Street
Miami, FL 33125
Electronic service

Kevin J. Nash, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
New York, NY 10036
Electronic service

Jane Moscowitz
Moscowitz & Moscowitz
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, FL  33131
Electronic service

John A. Hutchings, Esq.
Dill Dill Carr Stonebraker & Hutchings, PC
455 Sherman Street, Suite 300
Denver, Colorado 80203
Electronic service

Harry S. Wise III, Esq.
770 Lexington Avenue
6th Floor
New York, NY 10021
Electronic service

Lawrence A. Garvey, Esq.
Cushner and Garvey
155 White Plains Road, Suite 207
Tarrytown, NY 10591
Electronic service

s/ Julie K. Lutz
Julie K. Lutz